# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * | |
| MATI FRANCO,                                   * | |
|                                                * | No. 16-99V |
|            Petitioner,                         * | Special Master Christian J. Moran |
|                                                * | |
| v.                                             * | Filed: July 31, 2018 |
|                                                * | |
| SECRETARY OF HEALTH                            * | Attorneys' fees and costs |
| AND HUMAN SERVICES,                            * | |
|                                                * | |
|            Respondent.                         * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | |

Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner;
Ryan D. Pyles, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Mati Franco prevailed in her claim brought in the National Childhood Vaccine Compensation Program. She is now seeking an award for attorneys' fees and costs. She is awarded $60,419.28. The basis for the award and reasons are listed below.

\* \* \*

On January 19, 2016, Mati Franco, filed for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 *et seq.,* for injuries sustained from a pneumococcal conjugate vaccine (Prevnar 13) administered on February 20, 2015. Petitioner alleges that the vaccination caused her to suffer Guillain-Barré Syndrome. Petitioner further alleges that she suffered the residual effects of this injury for more than six months. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition. The parties submitted a joint stipulation that was incorporated by a decision awarding petitioner compensation in the amount of $150,000.00. Decision, 2018 WL 945851 (Jan. 26, 2018).

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

On March 23, 2018, petitioner filed a motion for an award of attorneys' fees and costs. ECF No. 72.  The motion seeks a total of $60,419.28, comprised of $41,664.50 in attorneys' fees, $4,329.78 in attorneys' costs, $12,625.00 in expert fees for services retained by Lawrence Steinman, MD, and $1,800.00 for the mental health evaluation provided by Dr. David Wellisch. Id. at 4.  In compliance with General Order No. 9, petitioner filed a signed statement indicating that she did not incur any costs personally.  Id. at 4.

On March 27, 2018, Respondent filed a response to petitioner's motion. ECF No. 73. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Id at 1.   Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Id at 2.  Additionally, he recommends "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3. Petitioner did not file a reply to respondent's response.

*   *   *

Because Ms. Franco received compensation, she is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).

**I.     Attorneys' Fees**

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs.  515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

A. Reasonable Hourly Rate

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty.  Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

 Petitioner requests compensation for attorneys Jeffrey S. Pop, Kristina E. Grigorian, Alexandra B. Pop, and the law clerks who assisted with this case.  For Mr. Pop, petitioner requests the rates of $400 per hour for work performed in 2015 and $420 per hour for work performed from 2016 - 2018.  For Ms. Grigorian petitioner requests the rate of $250 per hour for all work performed.  For Ms. Pop, petitioner requests the rate of $225 per hour for all work

performed.  As these rates are in accordance with those previously awarded to Mr. Pop, Ms. Grigorian, and Ms. Pop, I find them reasonable and will award them in full.  In regards to the law clerks, petitioner requests the rate of $125 per hour for all work performed for work performed in 2017 and 2018.  I find these rates reasonable and award them in full.

### B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination … and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").  The number of hours is reasonable.

## II.   Costs

Petitioner requests a total of $18,754.78 in attorney's costs, consisting of costs expended for medical records, filing fees, mailings and expert witnesses. Pet. App. at 4.  The majority of the request for costs is for the work performed by the experts, Dr. Lawrence Steinman ($12,625.00) and Dr. Davis Wellisch, Ph.D. ($1,800.00). Each of their invoices presents a reasonable hourly rate and number of hours. The other filing costs, etc., are also reasonable.

## III.   Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The undersigned finds $60,419.28 ($41,664.50 in fees and $18,754.78 in costs) to be a reasonable amount for all attorney's fees and costs incurred. The undersigned GRANTS the petitioner's motion and awards $60,419.28 in attorneys' fees and costs. This shall be paid as follows:

**A lump sum of $60,419.28 in the form of a check made payable to petitioner and petitioner's attorney, Jeffrey S. Pop, for attorney's fees and costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master